```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
```

|  |  |  |
|---|---|---|
| ZELMA DICKEY, and | ) | |
| JOHN DICKEY, | ) | |
|     Plaintiffs, | ) | |
|  | ) | |
|     v. | ) | CIVIL ACTION NO. 11-11729-DPW |
|  | ) | |
| SAMUEL ZELL, ET AL., | ) | |
|     Defendants. | ) | |

                         MEMORANDUM AND ORDER
                           November 14, 2011

WOODLOCK, D.J.

I.   INTRODUCTION

    On September 27, 2011, plaintiffs Zelma Dickey ("Zelma") and John Dickey ("John"), filed five civil actions relating to the alleged uninhabitable condition of an apartment they leased from Equity Residential Management, LLC, and its affiliates.  In this action, Zelma and John sought a bench trial against the Equity Residential defendants, including the Chairman of Equity Group Investments, LLC (Zell), the Chief Executive Officer (Neithercut), the Executive Vice President, Chief Financial Officer (Parnell), the Executive Vice President, Chief Investment Officer (George), the Executive Vice President, Human Resources (Powers), and the Manager of South Winds Apartments (Mascoli).

    On October 10, 2011, I issued a Memorandum and Order (Docket No. 4) with respect to all five cases.  As to this action, I found that the Complaint was not entirely coherent and did not set forth plausible claims in accordance with Rule 8 of the

Federal Rules of Civil Procedure. Nevertheless, I considered that plaintiffs might, if given a further opportunity to cure the pleading defects, be able to set forth plausible state tort and contract claims based on the uninhabitability of their apartment due to, *inter alia*, spider infestation, mold conditions, and lack of clean water, as well as improper practices with respect to fee charges and security deposits. I found that the main problem with the Complaint, however, was that plaintiffs identified a number of defendants and affiliated persons, but it was unclear what claims were asserted against each defendant, particularly the other corporate entities or individual executive officers. In light of this, I directed the plaintiffs to file an Amended Complaint that set forth, in a plain statement, each of their claims separately as to each defendant, providing underlying facts showing that they are entitled to relief against each named defendant. I expressly specified that the Amended Complaint may not assert claims collectively against the Equity Residential defendants; rather, the Amended Complaint had to set forth claims separately as to each defendant.

In setting the parameters of the Amended Complaint, I directed that plaintiffs identify:

> the name of the defendant, the nature of the action or inaction that allegedly forms the basis of liability, the place and date, and the reason for such action (*i.e*, the "who, what, when, where, and why" type information necessary to provide sufficient notice to each defendant as to the nature of the claims).

2

Memorandum and Order (Docket No. 4 at 34). I further directed that:

> The Amended Complaint should <u>not</u> contain argument, epithets, or recitations of plaintiffs' understanding of the law; all that is required is a brief statement with respect to each defendant that provides notice to them of the plaintiffs' claims. Plaintiffs are advised that failure to comply with this directive will result in a dismissal of this action in whole or part. Additionally, notwithstanding that they are proceeding *pro se*, plaintiffs are advised that I will not permit them serial opportunities to file a Complaint that comports with Rule 8 pleading requirements. Any Amended Complaint must meet the obligations of fair pleading or this action will be ordered dismissed. Plaintiffs are urged to consider whether to seek legal advice or representation in this matter.

*Id.* at 34-35.

On November 8, 2011, the plaintiffs filed an Amended Complaint (Docket No. 5).

II. DISCUSSION

The Amended Complaint is set forth in narrative form and materially fails to comply with the directives contained in the Memorandum and Order (Docket No. 4). Indeed, the Amended Complaint is virtually unintelligible. From what can be gleaned, plaintiffs take issue with my evaluation of their Complaint as it relates to the sum total and identity of the defendants, and the grounds for liability. On the one hand, plaintiffs allege that they are <u>not</u> suing the individual defendants or the Board of Directors and others, claiming they merely listed these parties to show that diversity jurisdiction existed. On the other hand,

3

plaintiffs make seemingly contradictory statements by later alleging that a party must be listed in the caption of the Complaint in order to be held legally responsible.[1] This does not explain sufficiently why the individual parties and other corporate entities were, in fact, listed in the caption of the original Complaint as parties. Further contradicting their prior statements, plaintiffs indicate that they do seek to hold liable the individual officers of Equity Residential "for being a part of a corporation have a chain of command and every link of that chain is equal to the highest person in relation to being responsible as a party in a suit in which a corporation is list." Am. Compl. (Docket No. 4 at 2).

In short, because the Amended Complaint is not entirely incoherent, it remains unclear whether plaintiffs intended to include the individuals or other corporate entities as liable parties, or whether the reference to those other than Equity Residential was meant only to support the claims against the corporation. In any event, what is crystal clear is that plaintiffs have failed to set forth plausible claims against any party, in accordance with Rule 8. There is no short and plain statement of the legal claim or the factual basis for the claim,

---

[1] They state: "This court has without a doubt confused the parties listed with in [sic] the caption with the supporting evidence put with in [sic] the body of the complaint for the court records of clarifying the matter of multiple individuals being held responsible." Am. Compl. (Docket No. 5 at 1).

4

nor does the Amended Complaint contain the "who, what, when, where and why" type information required.  Even under the broadest reading, the Amended Complaint utterly fails to give sufficient notice of the claims to any purported defendant.

Finally, the Amended Complaint violates the very clear directives contained in the prior Memorandum and Order to refrain from asserting legal argument or recitations of law.  Most of the Amended Complaint simply lists various case citations and asserts legal argument or recitations of law.

In light of all of the above, I will <u>DISMISS</u> this action for failure to state plausible claims upon which relief may be granted, and for failure to comply with the directives contained in the Memorandum and Order.  While plaintiffs' alleged housing plights are regrettable, I do not consider dismissal of this action at this juncture to be a draconian measure because plaintiffs were warned expressly that they would not be given further opportunities to cure the pleading deficiencies and that the Amended Complaint must meet the minimum Rule 8 pleading requirements giving the defendants sufficient notice of the claims.

As an additional matter, for the reasons set forth herein, and in view of the plaintiffs' litigation history as outlined in the Memorandum and Order (Docket No. 4), I find that dismissal of this action <u>with</u> <u>prejudice</u> is warranted.  In order to preserve

5

the scarce judicial resources of this Court, I will PROHIBIT the filing of further lawsuits or pleadings that relate in any fashion to matters raised in this lawsuit, unless the lawsuit or other pleadings are signed and filed by a duly-licensed attorney. Failure to comply with this directive may result in the imposition of sanctions, including an order enjoining plaintiffs from filing lawsuits absent prior permission of the court to file, and/or monetary or other sanctions.

III. CONCLUSION

Based on the foregoing, it is here Ordered that:

1. This action is DISMISSED with prejudice in its entirety; and

2. Plaintiffs John Dickey and Zelma Dickey are PROHIBITED from filing further lawsuits or pleadings that relate in any fashion to matters raised in this lawsuit, unless the lawsuit or other pleadings are signed and filed by a duly-licensed attorney.[2]

SO ORDERED.

/s/ Douglas P. Woodlock
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE

---

[2] This Order does not preclude the filing of a Notice of Appeal of the dismissal of this action.